**FILED**

2008 Aug-06  PM 01:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SHARON S. HOLCOMB,                    ]
                                      ]
        Plaintiff,                    ]
                                      ]
    vs.                               ]   5:07-CV-1431-LSC
                                      ]
MICHAEL J. ASTRUE,                    ]
Commissioner,                         ]
Social Security Administration,       ]
                                      ]
        Defendant.                    ]

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Sharon S. Holcomb, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB").  Plaintiff timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. § 405(g).

Plaintiff was fifty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education.  (Tr. at 20.) Her past work experiences include employment as a pairer, sewing machine

operator, tool crib clerk, and substitute teacher.  *Id.* at 228.  Plaintiff claims

that she became disabled on January 2, 2004, due to Meniere's disease[1] and

vertigo.  *Id.* at 42, 72, 214.

When evaluating the disability of individuals over the age of eighteen,

the regulations prescribe a five-step sequential evaluation process.  *See* 20

C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir.

2001).  The first step requires a determination of whether the claimant is

"doing substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If he or

she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or

she is not, the Commissioner next considers the effect of all of the physical

and mental impairments combined.  20 C.F.R. § 404.1520(a)(4)(ii).  These

impairments must be severe and must meet the durational requirements

before a claimant will be found to be disabled.  *Id.*  The decision depends

on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340,

1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the

---

[1] "Meniere's disease" is defined as "deafness, tinnitus, and dizziness, in association with nonsupportive disease of the labyrinth."  *Dorland's Pocket Medical Dictionary* 255 (26th ed. 2001).  "Tinnitus" is a "noise in the ears, such as ringing, buzzing, roaring, or clicking."  *Id.* at 844.

analysis stops.  20 C.F.R. § 404.1520(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id*.  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id*.  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id*.

Applying the sequential evaluation process, the ALJ found that Plaintiff was only insured through March 31, 2008, requiring her to establish disability on or prior to that date. (Tr. at 16.) He further determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability. *Id.* According to the ALJ, Plaintiff's "Menier's disease, rhinitis, and lumbar degenerative disc disease" are severe impairments. *Id.* However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18. The ALJ did not find Plaintiff's allegations regarding the "intensity, persistence and limiting effects of the symptoms" to be totally credible, and he determined that Plaintiff's residual functional capacity is "work of a light exertional level." *Id.* at 19.

According to the ALJ, Plaintiff is unable to perform any of her past relevant work; is an "individual closely approaching advanced age;" has "at least a high school education;" and can communicate in English. *Id.* at 20. The ALJ determined that Plaintiff has "acquired work skills from past relevant work." *Id.* The ALJ further held that Plaintiff "has transferable skills to sedentary jobs to include stocking, checking, and clerical work."

*Id.* Even though he determined that Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rule 202.13 as the framework for finding that there are a significant number of jobs in the national economy that she is capable of performing, such as clerk, furniture rental consultant, cashier II, storage facility rental clerk, ticket seller, soap inspector, x-ray inspector, and peeled potato inspector. *Id.* at 21. The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from January 2, 2004 through the date of this decision." *Id.*

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act ("Act") is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v.*

*Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff asserts two reasons that the ALJ's decision should be reversed and remanded.  (Doc. 6 at 13-15.)  First, Plaintiff contends that the ALJ erred by finding her treating physician's opinion not credible.  *Id.* at 15. Second, Plaintiff argues that the ALJ erred by finding her RFC to be light work instead of sedentary work.  *Id.* at 13.

A.   Weight Given to Treating Physician's Opinion.

Plaintiff contends that the ALJ erred by finding the opinion of Dr. Hodges, one of her treating physicians, not credible.  *Id.* at 15.  Plaintiff points out that Dr. Hodges's medical source statement was nearly identical to that of the consultative examiner, Dr. Buckner, and the ALJ gave great weight to Dr. Buckner's opinion.  *Id.*  The testimony of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  The Eleventh Circuit has determined that "good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was

conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241.   Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6).

In September 2004 and July 2005, Dr. Hodges completed "Physical Capacities Evaluation," "Clinical Assessment of Pain," and "Clinical Assessment of Fatigue/Weakness" forms drafted and submitted by Plaintiff's representative. (Tr. 170-72, 181-85). Dr. Hodges circled responses on these forms suggesting that Plaintiff would be unable to work more than four hours during an eight-hour workday; that pain was present to such an extent as to be distracting from adequate performance of daily activities or work; that side effects of medication caused her to be totally restricted and unable to function at a productive level; and that physical activity increased her fatigue/weakness to such an extent that she required bedrest and/or medication.  *Id.* at 171-72, 181-83.

In his opinion, the ALJ pointed out that Plaintiff had not complained of vertigo or Meniere's disease during her October 2004 or February 2005 visits to Dr. Hodges's office.  (Tr. at 19; *see id*. at 187-88.)  The ALJ also stated that Plaintiff had not sought treatment with Dr. Hodges from July 2005 through the date of his decision on August 16, 2006.  *Id*.  Further, the ALJ highlighted that Plaintiff's chronic sinusitis "was present at approximately the same level of severity prior to the alleged onset date." *Id*.  Finally, the ALJ noted that Plaintiff testified that Dr. Hodges simply "wrote down her subjective information," which the ALJ said  rendered the doctor's opinion "less persuasive."  *Id*. at 19; *see id*. at 220 (showing Plaintiff's testimony that she gave Dr. Hodges "the answers and he wrote down what [she] told him").  Accordingly, there was substantial evidence to support the ALJ's finding that Dr. Hodges's opinion was not credible.

B.    Plaintiff's Residual Functional Capacity.

Plaintiff argues that the ALJ erred by finding her RFC to be light work instead of sedentary work.[2]  *See id*. at 13.  Social security regulations

---

[2]Plaintiff further asserts that if she were limited to sedentary work, she would meet the requirements of grid rule 201.14, which directs a finding that plaintiff is disabled.  Id. at 14; *see* 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.14.  Grid

concerning physical exertion requirements define light work as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."   20 C.F.R. § 404.1567(b).   The definition continues by noting that "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing."  *Id.*  The regulations define sedentary work as involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a).   In order for an individual to perform sedentary work, "periods of standing or walking should be no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." Soc. Sec. Ruling 83-10.  "Where the extent of erosion of the occupational

---

rule 201.14 applies to individuals who are closely approaching advanced age, are at least high school graduates, and have performed skilled or semi-skilled work with no transferable skills.   20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.14. Alternatively, grid rule 201.15 directs a finding of "[n]ot disabled" to like individuals with transferable skills.  20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rule 201.15.  At the hearing, the vocational expert testified that Plaintiff has transferrable skills to sedentary work, including "some clerk jobs." (Tr. at 228.) Accordingly, if Plaintiff were limited to sedentary work, she would fall under grid rule 201.15.  Therefore, Plaintiff's argument is without merit.

base is not clear, the adjudicator will need to consult a vocational resource." Soc. Sec. Ruling 83-12.

In arguing that her RFC would be more appropriately categorized as sedentary work, Plaintiff points to Dr. Buckner's suggestion that she lift no more than ten pounds frequently.[3] (Doc. 6 at 13-14). However, Dr. Buckner's limitation of four hours of sitting per day would preclude the performance of sedentary work activity; her ability to stand and walk exceeds the requirements of sedentary work. Further, Dr. Buckner opined that Plaintiff could stand and walk for a total of four hours a day, which does not preclude the performance of a restricted range of work at the light exertional level. In compliance with Social Security Ruling 83-12, the ALJ obtained testimony from a vocational expert who provided several light, unskilled jobs that Plaintiff could perform under Dr. Buckner's assessment. Accordingly, the ALJ's finding that Plaintiff's RFC was light work is supported by substantial evidence.

---

[3]Plaintiff also points to Dr. Hodges's recommendation that Plaintiff lift no more than ten pounds, but this Court has found substantial evidence to support the ALJ's dismissal of Dr. Hodges's opinion.

IV.     Conclusion.

Upon review of the administrative record, and considering all of Ms. Holcomb's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 6th day of August 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**